CURE v. UNITED STATES.

SCHLIENGER v. SAME.

(Circuit Court, S. D. New York. April 29, 1901.)

Nos. 2,955, 2,957.

**1. CUSTOMS DUTIES—CLASSIFICATION—COVERINGS FOR CHOCOLATE.**

Certain coverings for chocolate, consisting of small boxes, some in the form of a trunk, having hinged tops fastened with a catch and hook, and lined with fancy paper, are "coverings, other than plain wooden," within the meaning of paragraph 281, Schedule G, § 1, c. 11, Tariff Act 1897, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652), which provides that

"the weight and value of all coverings, other than plain wooden, shall be included in the dutiable weight and value" of their contents, when containing chocolate and cocoa.

Appeals by the importers from a decision by the Board of United States General Appraisers, which affirmed the action of the collector of customs at the port of New York in assessing duty upon the importations in question.

The decision of the board (In re Schlienger et al., G. A. 4446) related to the construction of paragraph 281, Schedule G, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652), which reads as follows:

"281. Chocolate and cocoa prepared or manufactured, not specially provided for in this act, valued at not over fifteen cents per pound, two and one-half cents per pound; valued above fifteen and not above twenty-four cents per pound, two and one-half cents per pound and ten per centum ad valorem; valued above twenty-four and not above thirty-five cents per pound, five cents per pound and ten per centum ad valorem; valued above thirty-five cents per pound, fifty per centum ad valorem. The weight and value of all coverings, other than plain wooden, shall be included in the dutiable weight and value of the foregoing merchandise; powdered cocoa, unsweetened, five cents per pound."

Two questions were involved. The first was as to the method of arriving at the dutiable weight and value of imported chocolate, which question has since been decided by the Circuit Court of Appeals for the Second Circuit, in United States v. Volkmann, 107 Fed. 109, 46 C. C. A. 169. The second question was whether the coverings for the chocolate were "other than plain wooden," within the meaning of the paragraph quoted. The board held that they were, the following language being used in their opinion (by Wilkinson, General Appraiser): "It is claimed, also, that certain coverings represented by exhibits 1 and 2 are 'plain wooden,' and should not be included in the dutiable weight and value of the merchandise. Exhibit 1 is a thin wooden box 10½ inches long, 8½ inches wide, and 4½ inches deep. The top is on hinges, and is fastened by a catch and hook. All except the bottom is covered with surface-coated paper, upon which the name and style of the merchandise appear in large print. Exhibit 2 is a wooden box in the form of a trunk 5 inches long, 2½ inches wide, and 2½ inches deep. The top is on hinges, and is fastened with a catch and hook. Wooden strips or cleats are nailed on the top, bottom, and ends. The inside is loosely lined with gilt paper, while the outside is stenciled with the brand of chocolate and directions for its preservation. We are of the opinion that the exhibits are something more than plain wooden coverings. Exhibit 2, for instance, is apparently a container for only about one-fourth of a pound of chocolate. It requires no braces to strengthen it, and the cleats upon it would seem intended solely for ornamentation. While this decoration is by no means elaborate, it renders the box something more than a plain covering. We find that neither of the exhibits is a plain wooden covering."

Albert Comstock, for the importers.
D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, District Judge (after stating the facts as above). The decision of the board is reversed so far as it concerns the method of applying paragraph 281, Schedule G, § 1, c. 11, of the act of 1897, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652), as to the inclusion of the weight and value of the coverings, on the authority of United States v. Volkmann, 107 Fed. 109, 46 C. C. A. 169. The decision of the board that the interior coverings are not plain wooden is justified by the appearance of the exhibits themselves, and to that extent their decision is affirmed.

Let a decree be entered accordingly.